IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TRAVIS ADKINS,<br><br>     *Plaintiff*,<br><br>v.<br><br>THE DAILY WIRE, LLC, LUKE ROSIAK, and JASMINE BATTLE,<br><br>     *Defendants*. | Case No.: 1:25-cv-4399-DLF |

**DEFENDANTS THE DAILY WIRE, LLC & LUKE ROSIAK'S**

**MOTION TO BIFURCATE RULE 12 MOTIONS**

  Defendants The Daily Wire, LLC and Luke Rosiak (the "Media Defendants"), by and through their attorneys, Dhillon Law Group Inc., hereby move to bifurcate the Media Defendants' initial response to Plaintiff Travis Adkins' ("Plaintiff") Complaint such that Media Defendants may first file a motion to dismiss, or, in the alternative, transfer venue, under FRCP 12(b)(3), before filing a motion to dismiss for failure to state a claim under FRCP 12(b)(6).

  This motion is made pursuant to the Court's inherent authority to control its docket.

  Pursuant to Local Civil Rule 7(m), the Media Defendants discussed this motion with counsel for Plaintiff and Defendant Jasmine Battle ("Defendant Battle") before filing this motion. Plaintiff opposes bifurcation. Defendant Battle supports the Media Defendants' motion to bifurcate. Defendant Battle must respond to the complaint on or before March 9, 2026 and anticipates filing a motion to dismiss all claims under Rule 12(b)(6). Defendant Battle does not take a position on Media Defendants' venue objection nor intends to raise a venue objection and

thus has no independent basis to seek bifurcation—yet she faces the same risk of wasted effort if required to litigate the merits before the venue question is resolved. Defendant Battle is therefore concerned that any motion she files before the Court resolves the venue issue will prejudice her as an individual defendant, requiring her to expend time and effort that could be rendered futile if the case is dismissed for improper venue, or in the alternative, transferred to another forum

This motion is based on the accompanying Memorandum of Points and Authorities, and the entire record and file herein.

Dated: February 24, 2026                         Respectfully submitted,

<u>/s/ Jesse D. Franklin-Murdock</u>
Karin M. Sweigart, Esq.
(Bar #CA00145)
Jesse D. Franklin-Murdock, Esq.
(Bar #CA00147)
Dhillon Law Group Inc.
177 Post Street, Suite 700
San Francisco, California 94108
(415) 433-1700
ksweigart@dhillonlaw.com
jfranklin-murdock@dhillonlaw.com

*Counsel for Defendants*
*The Daily Wire, LLC & Luke Rosiak*

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

Plaintiff Travis Adkins ("Plaintiff") sued The Daily Wire, LLC ("Daily Wire"), its reporter Luke Rosiak ("Rosiak") (Daily Wire and Rosiak are collectively the "Media Defendants"), and its alleged source, Jasmine Battle ("Defendant Battle") based on several articles about Plaintiff's tenure at the U.S. African Development Foundation. Under basic black letter law regarding venue in federal court, this action does not belong in this District. As Plaintiff concedes in his Complaint, none of the Defendants are domiciled in the District of Columbia. And the central fact giving rise to this action was Daily Wire's publication of the article about Plaintiff, which occurred at its principal place of business in Tennessee. Given this obvious venue defect, it is glaringly obvious Plaintiff filed in this District to gain a perceived tactical benefit—likely to avoid the application of another state's anti-SLAPP statute.

The Media Defendants plan to move for dismissal of this action, or, in the alternative, transfer to the Middle District of Tennessee, based on improper venue under FRCP 12(b)(3). This motion will be relatively simple: the Court must simply analyze the various defendants' domiciles and decide where the facts and circumstances giving rise to this action occurred.

The Media Defendants also plan to move to dismiss Plaintiff's lengthy complaint for failure to state a claim under FRCP 12(b)(6), which will involve completely separate arguments from the FRCP 12(b)(3) motion. That motion will not be simple: it will involve a detailed choice-of-law analysis and an extensive analysis of the nuances of defamation law (substantial truth, protected opinion under the First Amendment, actual malice, and the fair report privilege) as applied to numerous statements Plaintiff alleges are defamatory.

1

It would be an inefficient use of the parties' and the Court's resources for the Media Defendants to bring both its Rule 12(b)(3) and 12(b)(6) arguments in one motion. If the Rule 12(b)(3) motion is granted—as the Media Defendants anticipate it will be—its Rule 12(b)(6) arguments would be decided by another Court in another District. All parties would benefit from a decision on the narrow, limited question of venue (which dictates which state's choice-of-law rules apply) before both sides brief the merits of Plaintiff's Complaint.

The Court should therefore bifurcate the Media Defendants' motions to dismiss. First, the Media Defendants should be permitted to file a motion to dismiss for improper venue under FRCP 12(b)(3). If the Court decides that venue is indeed proper in this District, the Media Defendants should then have the opportunity to move to dismiss for failure to state a claim.

## II.     BACKGROUND

Plaintiff filed his Complaint on December 18, 2025. Dkt. 1. Plaintiff alleges that a series of articles published by Daily Wire and authored by Rosiak contained four sets of defamatory statements about Plaintiff, three of which involved information allegedly supplied by Defendant Battle. *Id.* ¶¶ 59, 144 – 234.

As relevant to this Motion, Plaintiff includes the following jurisdictional allegations:

- Plaintiff resides in Washington, D.C. *Id.* ¶ 10.
- Daily Wire has its principal place of business in Nashville, Tennessee. *Id.* ¶ 11.
- Rosiak is a citizen of the Commonwealth of Virginia and resides in Fairfax, Virginia. *Id.* ¶ 12.
- Defendant Battle is a citizen of the State of Maryland and resides in Temple Hills, Maryland. *Id.* ¶ 13.

Based on these allegations, as well as basic evidentiary facts regarding the Daily Wire's members' domicile and where Rosiak conducted his reporting and writing, the Media Defendants intend to file a motion to dismiss for improper venue, or in the alternative, to transfer venue to the Middle District of Tennessee, under FRCP 12(b)(3). The Media Defendants proposed to Plaintiff that they be permitted to file a motion to dismiss for improper venue before bringing their FRCP 12(b)(6) arguments to promote judicial economy. As Plaintiff rejected the Media Defendants' proposal, the Media Defendants are now seeking the Court's permission to bifurcate their Rule 12(b) motions.

### III.   ARGUMENT

#### A. The Media Defendants Have a Strong Argument that Venue Is Improper in this District.

The Media Defendants anticipate that the Court will dismiss the case for improper venue or transfer the case because the law and facts make clear Plaintiff should not have filed this action in this District. The Media Defendants will preview their arguments here to establish that their venue arguments are serious, and likely dispositive as far as this case is concerned in this District.

"A civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1–2). The first provision is clearly inapplicable as no defendant resides in the District of Columbia. The Media Defendants will make clear in their FRCP 12(b)(3) motion that the second provision is likewise inapplicable as the substantial facts giving rise to this action were the Daily Wire's publication from Tennessee of the various articles Plaintiff maintains are defamatory. *See Smartmatic USA*

*Corp. v. Herring Networks, Inc.*, 610 F. Supp. 3d 92, 100 (D.D.C. 2022) (holding that a substantial portion of the facts giving rise to a defamation action occurred in the district in which the alleged defamation was disseminated). With no defendant located in the District of Columbia, and the publication occurring elsewhere, all Plaintiff has to fall back on is his allegation that Rosiak focused on events in the District of Columbia and relied on sources living and working in the District of Columbia. Dkt. 1 ¶ 12. The Media Defendants' forthcoming motion will make clear that Rosiak did not report the articles at issue or write them in the District of Columbia.

The Media Defendants are thus prepared to make a robust showing that venue is improper in this District.

### B. The Court Should Bifurcate the Rule 12(b)(3) and (6) Motions to Promote Judicial Economy.

Courts have the inherent authority to "'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Novenergia II - Energy & Env't (SCA) v. Kingdom of Spain*, No. 18-CV-01148 (TSC), 2020 WL 417794, at *2 (D.D.C. Jan. 27, 2020) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Here, the Media Defendants are asking the Court to exercise that authority by bifurcating their forthcoming Rule 12 motions so that venue may be litigated prior to the merits of Plaintiff's Complaint. Bifurcation will promote judicial economy because it will prevent briefing on the merits of the Complaint under District of Columbia choice-of-law rules that will be moot if the Court agrees with the Media Defendants that venue is improper in this District.

Courts routinely bifurcate or otherwise split up Rule 12 motions to promote judicial economy. *See, e.g.*, *Real v. Yuga Labs, Inc.*, No. CV 22-8909 FMO (BFMX), 2025 WL 3437389, at *3 (C.D. Cal. Sept. 30, 2025) (explaining the court's previous direction for the parties to brief a

threshold issue relating to the merits of the claims at the pleading phase); *Jackson v. Whitepages, Inc.*, 798 F. Supp. 3d 583, 591 (N.D.W. Va. 2025) (limiting briefing on the initial Rule 12 motion to two discrete issues); *Weintraub v. Empress Travel Trevose, Two-L's Ltd.*, No. 17 CIV. 00552 (PGG), 2018 WL 4278336, at *1 (S.D.N.Y. Mar. 6, 2018) (explaining it had previously bifurcated Rule 12 motions between personal jurisdiction and failure to state a claim); *Pilchman v. Nat'l Lab. Rels. Bd.*, No. 14CV7083SLTSMG, 2017 WL 1750300, at *2 (E.D.N.Y. May 3, 2017), *aff'd*, 831 F. App'x 46 (2d Cir. 2020) (explaining it had bifurcated briefing so that subject matter jurisdiction would be decided first); *The Wave Studio, LLC v. Gen. Hotel Mgmt. Ltd.*, No. 13-CV-9239-CS-VR, 2024 WL 4068883, at *1 (S.D.N.Y. Sept. 5, 2024) (ordering a sequence of Rule 12 briefs prioritizing certain "early dispositive motions").

Bifurcating the Media Defendants' Rule 12 motions would promote judicial economy. The merits of Plaintiff's four-count, sixty-page defamation complaint will require complex briefing requiring an in-depth examination of both state tort law and constitutional considerations. The Media Defendants' Rule 12(b)(3) and (6) arguments will not have any substantive overlap and will instead relate to completely different legal issues. In addition, the parties will have to litigate which state's substantive laws apply to the Complaint, which includes four parties domiciled in four different jurisdictions. If the Court agrees with the Media Defendants on the venue issue, all this briefing will be moot. *See Ebron v. Dep't of Army*, 766 F. Supp. 2d 54, 59 (D.D.C. 2011) (denying a motion to dismiss for failure to state a claim as moot in an order transferring a case based on improper venue). Given the substantial likelihood that venue is indeed improper in this District, the Media Defendants should not be forced to brief the merits of the Complaint until the Court decides in which District the case should proceed. Once the parties receive a ruling on venue, the

parties can then brief the merits under the choice-of-law principles in the jurisdiction of the court where venue is proper.

Bifurcation will not prejudice Plaintiff. If the Media Defendants are correct that venue is improper in this District, the case will be dismissed or transferred following the Media Defendants' Rule 12(b)(3) motion regardless of whether that motion includes Rule 12(b)(6) arguments. If the court bifurcates the motion, and denies the Media Defendants' Rule 12(b)(3) motion, there would admittedly be an extra month (based on this District's speedy sequencing of opposition and reply briefs) of motions practice at the pleading phase. But this delay is minimal. If Plaintiff had agreed to bifurcation in the first instance, the parties could have avoided motions practice over the sequence of motions, which itself added another month to the pleadings phase. In addition, Plaintiff demonstrated his willingness to tolerate modest delays when he waived service of process, thereby providing all Defendants with a substantially longer time to respond to the Complaint. In short, the modest delay bifurcation *may* cause would be far less disruptive than forcing the parties to brief the merits of this case (including choice-of-law analysis) before the venue question is resolved.

## IV.   CONCLUSION

This Court should permit the Media Defendants to respond to the Complaint with a motion to dismiss, or, in the alternative, transfer, under FRCP 12(b)(3), retaining the right to file a motion to dismiss for failure to state a claim under FRCP 12(b)(6) after their initial Rule 12(b)(3) motion is adjudicated.

[*signature page to follow.*]

Dated: February 24, 2026                                          Respectfully submitted,

                                                                                         */s/ Jesse Franklin-Murdock*
                                                                                          Karin M. Sweigart, Esq.
                                                                                          (Bar #CA00145)
                                                                                          Jesse D. Franklin-Murdock, Esq.
                                                                                          (Bar #CA00147)
                                                                                          Dhillon Law Group Inc.
                                                                                          177 Post Street, Suite 700
                                                                                          San Francisco, California 94108
                                                                                          (415) 433-1700
                                                                                          ksweigart@dhillonlaw.com
                                                                                          jfranklin-murdock@dhillonlaw.com

                                                                                          *Counsel for Defendants*
                                                                                          *The Daily Wire, LLC & Luke Rosiak*